UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,            :
                                     :
       – against –                   :         17-CR-123(LAP)
                                     :
JESUS MATA,                          :
                                     :
                 Defendant.          :
------------------------------------x

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

    Before the Court is Defendant Jesus Mata's request for compassionate relief pursuant to 18 U.S.C. Section 3582(c)(1)(A)(i). ("Motion," Dkt. no. 810.). For the reasons set out below, the request is denied.

**Background**

    On March 16, 2017, indictment S1 17Cr.123 was unsealed. (Dkt. no. 8.).  It charged Defendant and more than 30 others with conspiring to distribute 280 grams and more of crack cocaine as well as other controlled substances and with related firearms offenses.  The offenses were carried out as part of the "075" gang, members of which engaged in significant drug dealing and crimes of violence, including robberies and shootings.  (PSR ¶¶ 11-17, 26-27).

    This Defendant evaded arrest for some three months but eventually pleaded guilty to conspiring to sell crack cocaine.  The stipulated guidelines range was 70 to 87 months imprisonment, but, because of Defendant's statements about his intentions to pursue his education, learn a trade, be a better

1

son, and never violate the law again, on November 17, 2017, the Court imposed a non-Guidelines sentence of 24 months imprisonment.

On August 2, 2019, Defendant was charged with violating his supervised release and, on December 4, 2019, Defendant admitted to all seven charged specifications, including failed drug tests, attempting to submit a fake urine sample, possession of crack, and gambling.  The Government's sentencing memorandum (dkt. no. 778) provided detailed evidence about Defendant's post-release activities with members of a violent set of the Mac Ballers gang, now charged in United States v. Lawrence, et al., 19 Cr. 761 (JPO).  The Government's evidence of Defendant's activities included Instagram messages and still pictures showing Defendant aiding and abetting gang member Derrick Casado in locating and shooting a rival gang member just two months after his release.  Defendant did not contest these facts at his sentencing. (Dkt. no.777, 7940.)  Based on this egregious breach of the Court's trust, the Court imposed the maximum allowable revocation sentence of 24 months imprisonment.  Defendant did not appeal.

In 2017, Defendant told the Probation Office that he had severe asthma as a child and that he "required a 'breathing machine'" and that his asthma had been controlled with a standard "asthma pump, which he uses as needed."  (PSR ¶¶ 119).  Through counsel, Defendant represents that he "experience[s] shortness of

2

breath at times," (Motion at 13), but the record is devoid of any evidence about Defendant's respiratory health.  Defendant is 23 years old.

**Applicable Law**

Under Section 3582, the Court only "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ."  See 18 U.S.C. § 3582(c)(1)(A); see also 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

The relevant Sentencing Commission policy statement is found in U.S.S.G. § 1B1.13.  That section provides that the Court may reduce the term of imprisonment if "extraordinary and compelling reasons warrant the reduction," id. § 1B1.13(1)(A); "the Defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," id. § 1B1.13(2); and "the reduction is consistent with this policy statement," id. § 1B1.13(3).

The Application Notes describe the circumstances under which "extraordinary and compelling reasons exist." Id. § 1B1.13 Application Note 1.  As the proponent of the motion, the Defendant bears the burden of proving that "extraordinary and compelling reasons" exist.  See, e.g., United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue."); United States v. Clarke, No. 09 Cr. 705 (LAP), 2010 WL 4449443, at *1 (S.D.N.Y. Oct. 29, 2010) ("If the Defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease." (quoting Butler, 970 F.2d at 1026)); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013).

**Discussion**

The Court assumes without deciding that it has the power to waive the requirement of exhaustion of administrative remedies.  Defendant's motion is nevertheless denied.

First, release of this Defendant would be contrary to the section 3553(a) factors.  Defendant's drug dealing during the offense of conviction and his firearms activity outlined in the Government's sentencing memorandum on his violation of supervised release demonstrate beyond peradventure that Defendant is a danger to the community.  His participation in the premeditated,

gang-motivated shooting on May 17, 2019--which he did not dispute at sentencing--virtually require his detention.

Based on the Defendant's having evaded law enforcement for some three months at the time of his original arrest in this case, he is surely a flight risk.

Based on the Defendant's egregious breach of the Court's trust evidenced by his violations of supervised release, Defendant is not amenable to following any conditions of relief.

Second, Defendant has not demonstrated the "extraordinary and compelling circumstances" required to justify relief under section 3582(c)(1)(A)(i).  The BOP has taken numerous steps to mitigate the risk of the COVID-19 virus in its facilities, and Defendant is a healthy 23-year old whose asthma is controlled.  There is nothing in the record that demonstrates that this Defendant's controlled asthma would rise to the level of a serious physical condition that would jeopardize his long-term well-being.

For all these reasons, the Defendant's Motion (dkt. no. 810) is denied.

SO ORDERED.

Dated:   New York, NY
         April 20, 2020

_____
Loretta A. Preska
Senior United States District Judge